## LAMB v. FAIRBANKS.

### Evidence.

It being conceded that defendant originally received the money recovered for in a fiduciary capacity, without authority to apply it to his own use, *held,* that the burden was upon him to show that plaintiff subsequently permitted him to apply it to his own use.

ASSUMPSIT for money had and received. Judgment for plaintiff, no question being made as to the sum for which judgment should be rendered. Plaintiff moved for a certified execution under s. 24. c. 121, Gen. Sts. It was agreed that the amount received by defendant of plaintiff, was for the purpose of being invested by defendant for plaintiff in some interest-bearing bonds, defendant to be paid a reasonable compensation for his services in that behalf, and that defendant held said funds in that character and capacity, without permission or right to use the same for any other purpose, till February, 1873, at which time he had not invested the same for plaintiff. Defendant claimed that at that time plaintiff gave him permission to use said funds in his own business, to be eventually invested for plaintiff, and thus replaced, and in the meantime to pay interest on the funds that defendant should use. This the plaintiff denied. The only question was whether such permission was given. On this question both parties gave evidence. No question was made about plaintiff's right to have a certified execution, unless it should be found from the evidence that plaintiff gave permission to defendant as above stated. On the evidence the court were unable to find that such permission was given, and found that the funds recovered for were held in a fiduciary capacity, and that defendant converted the same to his own private use, and diverted and misapplied the same from their proper, legitimate, and legal destination, and adjudged that the cause of action arose from the wilful and malicious act of defendant, and that he ought to be confined in close jail, and ordered execution to issue with a certificate as provided in said

section. In announcing the result at which the court had arrived, the presiding judge remarked, that as the defendant conceded that he received the funds in a fiduciary character and held them in that character, with no right to use them for his own purposes till February, 1873, when he claimed plaintiff gave him leave so to use them, it seemed to the court that the defendant assumed the burden of making out such leave by a preponderance of evidence. To this remark the defendant excepted.

—— ——, for defendant.

*Paul*, for plaintiff.

The opinion of the court was delivered by

PIERPOINT, Ch. J. The only question before us in this case is, whether or not the County Court erred in ordering the issue of what is called a certified execution. In cases of this kind, all questions of fact are to be determined by the County Court; and all facts found by that court that the evidence tends to prove, are conclusive, and those findings cannot be revised in this court. The decision of the County Court upon all matters resting in the discretion of that court, cannot be revised here. Whether upon the facts found, that court had the legal power to grant the certificate, is a question of law that may be revised by this court. So, too, as to the legal admissibility of the evidence on which the facts are found, and the question as to where the burden of proof lies to establish the facts necessary to entitle the party to the certificate, or to show that he is not entitled to it.

Upon the facts found by the County Court, it appears, and was conceded upon the trial, that the plaintiff was entitled to a certificate unless he had given the defendant permission to use the money which had been placed in his hands, and which he held in a fiduciary capacity, in his own business. Upon a fair construction of the bill of exceptions, we think the County Court decided, and acted upon the decision, that the burden of proving that the plaintiff gave such permission rested upon the defendant, and in this we think there was no error. The defendant taking

and holding the plaintiff's money in a fiduciary capacity, without authority to appropriate it to his own use, if he does thereafter so appropriate it, he must show that the plaintiff gave him such permission, or submit to the consequences resulting from the issuing of a certified execution.

Judgment affirmed.