FRYE–BRUHN CO. v. MEYER.

(Circuit Court of Appeals, Ninth Circuit. February 2, 1903.)

No. 842.

1. FOREIGN JUDGMENTS—OPERATION.
   A judgment recovered in the state of Washington and assigned to plaintiff has not the force and operation of a domestic judgment in Alaska, and cannot be made a lien on defendant's property in that territory without suit brought and judgment recovered thereon.

2. SAME—SET OFF OF JUDGMENTS—COLLECTIONS—INJUNCTION.
   Where plaintiff alleged that it was an assignee of a judgment recovered against defendant in the state of Washington; that defendant had recovered a judgment against plaintiff in Alaska, for the payment of which money had been deposited with the clerk of the Alaska district court; and that defendant was either insolvent, or had no property out of which to satisfy the judgment, or had his property secreted so as to defeat the enforcement of plaintiff's judgment, and unless restrained he would satisfy his judgment against plaintiff from the money deposited, whereupon plaintiff would be unable to satisfy or set off its judgment—the court had equitable jurisdiction to restrain defendant from collecting the judgment against plaintiff until plaintiff's rights had been

established, and its judgment made an offset against the judgment held by defendant.

**8. SAME—RIGHTS OF THIRD PERSONS—MOTIONS.**

Where an injunction was granted restraining defendant from collecting a judgment against plaintiff for money deposited in the hands of the clerk of the court until a judgment against defendant had been established as a set-off, persons claiming an alleged lien on the deposit, who had not intervened and were not parties to the suit, could not have their right to a lien on the fund adjudicated on motion supported by affidavits in advance of the trial.

Appeal from the District Court of the United States for the District of Alaska, Division No. 1.

S. H. Piles, George Donworth, and James B. Howe (Wynn & Shackleford, of counsel), for appellant.

Malony & Cobb, for appellee.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

MORROW, Circuit Judge. This is a suit in equity commenced by the Frye-Bruhn Company, a corporation, against Herman Meyer in the United States District Court for the District of Alaska, Division No. 1, on the 21st day of March, 1902. The bill of complaint alleged the recovery of a judgment by Charles H. Frye against the defendant, Herman Meyer, in the superior court of Kings county, in the state of Washington, on the 28th day of June, 1889, for $3,140.10, and costs; the issuance of an execution on this judgment against the property of Herman Meyer, directed to the sheriff of Kings county, state of Washington, and the return of the execution by the sheriff unsatisfied; and, further, that no property of the defendant had been found. The bill further alleged the assignment of the judgment to plaintiff on the 27th day of January, 1900; the commencement of an action in the District Court of Alaska by Herman Meyer against the Frye-Bruhn Company in 1899; and the recovery of a judgment against the defendant in that action on the 21st day of March, 1902, for the sum of 45 per cent. of $6,295, after the payment of the costs of the action. The bill alleged that there was money in the hands of the clerk of the court in which the last-named judgment was obtained, that this money was paid to the clerk of the court by the Frye-Bruhn Company, that the same was sufficient to pay the judgment in that court in favor of Meyer, and that the court had ordered that this money be applied on said judgment. The bill alleged that the plaintiff would be unable to collect the judgment secured in the superior court of Kings county in the state of Washington against Meyer; that Meyer was either insolvent, and had no property out of which to satisfy said judgment, or had his property secreted and in the name of other persons in order to defeat the rights of the plaintiff; that Meyer had threatened to, and would, unless restrained by the court, have an execution issued in the case in which he had recovered the aforesaid judgment, and have the property of plaintiff levied upon to satisfy that judgment and costs, to the great and irreparable damage of plaintiff; that Meyer had also threatened to assign his judgment to other persons in order to defeat the plaintiff's claim; that such action would leave the plaintiff without

any remedy for the collection of its judgment secured in the state of Washington unless the defendant, Meyer, be restrained by an order of the court until the plaintiff's rights were established, and its judgment in the state of Washington made an offset to defendant's judgment against plaintiff in the Alaska court. The bill was supported by the affidavit of counsel for plaintiff setting forth the same facts alleged in the bill. The court thereupon issued an order directed to the defendant to show cause why an injunction should not issue as prayed for in the bill. The order also provided that in the meantime the defendant should be restrained from assigning, selling, or negotiating the said judgment recovered against plaintiff, and from collecting any money thereon from the clerk of the court; that all proceedings under said judgment should be stayed, and the clerk of the court ordered not to pay out any money upon said judgment in said cause, but to hold and retain the same in his possession until the further order of the court. On motion of counsel for the defendant the temporary restraining order was subsequently modified by the court to the extent of permitting them to withdraw the sum of $1,000 from the fund in the registry of the court. This action of the court was had upon an affidavit filed by counsel for defendant alleging that they were entitled to that amount as compensation for their services as attorneys for the defendant, Meyer, in the case wherein the judgment was recovered in his favor, and upon the claim that this amount was payable out of the fund in the registry of the court recovered upon the judgment, and was a prior lien to the judgment claimed by plaintiff as a set-off. From this order modifying the restraining order and injunction, and permitting defendant's counsel to withdraw the sum of $1,000 from the registry of the court, the complainant has appealed to this court, and assigned the order of the court in this behalf as error.

This appeal is, in effect, an appeal from an order of the District Court dissolving an injunction, to the extent to which the order modified the previous order of the court granting the injunction. Counsel for appellee, in support of this modifying order, admit that, if the bill of complaint had stated facts that entitled the appellant to any relief, they would have been compelled to resort to a bill of intervention to protect their rights in the fund in court; but they contend that the original order granting the injunction was erroneous, and, upon the facts stated in the bill, the injunction should have been dissolved and the entire order vacated and set aside. The appeal therefore brings the case before the court upon the merits. Smith v. Vulcan Iron-works, 165 U. S. 518, 17 Sup. Ct. 407, 41 L. Ed. 810.

The judgment obtained by Charles H. Frye against the defendant in the state of Washington, and assigned to plaintiff, did not, in Alaska, have the force and operation of a domestic judgment, except for the purpose of evidence. McElmoyle v. Cohen, 13 Pet. 312, 10 L. Ed. 177; Claflin v. McDermott (C. C.) 12 Fed. 375. In any jurisdiction other than that of the state of Washington, the plaintiff, as the owner of this judgment, was simply a creditor at large. Buchanan v. Marsh, 17 Iowa, 494; National Tubeworks v. Ballou, 146 U. S. 517, 13 Sup. Ct. 165, 36 L. Ed. 1070. To make the claim of the foreign judgment a lien upon defendant's property in Alaska, it was necessary to sue at

law and recover upon the judgment in that territory. But the bill alleges that the defendant is either insolvent, and has no property out of which to satisfy said judgment, or has his property secreted and in the name of other persons in order to defeat the rights of plaintiff. A creditor at large, under such circumstances, may obtain the assistance of a court of equity to protect his rights against the insolvent debtor. Rolling Mill Co. v. Ore & Steel Co., 152 U. S. 596, 14 Sup. Ct. 710, 38 L. Ed. 565.

The court had equitable jurisdiction, upon the facts stated in the bill, to restrain the defendant from collecting the judgment against the plaintiff until the rights of the plaintiff had been established, and the judgment in its favor in the state of Washington made an offset against the judgment in favor of the defendant. This conclusion determines the only question involved in this appeal, since it is not contended that counsel for the appellee, who were not parties to the suit and had not intervened therein, could, upon an affidavit and motion, have their right to a lien upon the fund in court adjudicated in advance of the trial.

The interlocutory order modifying the injunction is therefore reversed, with costs.