JOHN A. HUSENETTER, APPELLEE, V. DAVID LITTLE, APPELLANT.

FILED JANUARY 17, 1907. No. 14,624.

**Trial:** DIRECTING VERDICT. The weight and credibility of testimony are for the determination of the jury, and not of the court, however conflicting or otherwise they may appear to the latter.

APPEAL from the district court for Madison county: JOHN F. BOYD, JUDGE. *Reversed.*

*Allen & Reed,* for appellant.

*H. H. Halderson, contra.*

AMES, C.

This is an action to recover $20 alleged to be due the plaintiff as a part of the purchase price of a cultivator and corn planter sold and delivered by the plaintiff to the defendant. The answer admits the purchase of the corn planter, but as to the cultivator avers that at the time of its delivery there was an agreement between the parties that, if, after due trial, it should not work properly or should fail to give the defendant "good satisfaction," the plaintiff would take it back and refund to the defendant $5 paid by the latter on account of it, the corn planter having been fully paid for at the time of the delivery. Upon the issues thus joined there was a trial, in which the defendant testified that he had made due and speedy trial of the cultivator, but that it did not work properly or to his satisfaction, of which facts he had notified the plaintiff, who, however, had refused to take the implement back or to refund the $5, both of which things he had agreed to do. The defendant's story was corroborated to some extent and in some respects by a disinterested witness, but the court peremptorily instructed the jury to return a verdict for the plaintiff, which they did, and the defendant appealed.

We think it unnecessary to cite authorities to the effect that the weight and credibility of testimony are for the determination of the jury, and not for the court. We therefore recommend that the judgment of the district court be reversed and a new trial granted.

OLDHAM and EPPERSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be reversed and a new trial granted.

REVERSED.