P. A. WELLS, EXECUTOR, APPELLANT, V. HERMAN E. COCHRAN, APPELLEE.*

FILED MARCH 21, 1907. No. 14,727.

1. **Directing Verdict.** A verdict should not be directed for one party when the competent evidence adduced is sufficient to support a verdict for the adverse party.

2. **Petition** examined, and *held* sufficient to state a cause of action.

APPEAL from the district court for Douglas county: LEE S. ESTELLE, JUDGE. *Reversed.*

*Fawcett & Abbott,* for appellant.

*A. S. Churchill, contra.*

EPPERSON, C.

Plaintiff, as executor, sued to recover $500 alleged to have been paid to defendant, as the agent of plaintiff's decedent, as a part of the consideration for certain lands conveyed by deceased. Defendant admitted receiving the

*Rehearing denied. See opinion, p. 614, *post.*

$500, but claimed the same as commission under a written contract. The disposition of this case in the court below depended in a great measure upon the genuineness of the alleged written contract for compensation. At the conclusion of the evidence a verdict was directed for defendant, and plaintiff appeals.

It is unnecessary to review the case at length. The alleged contract for compensation and decedent's signature thereto were identified only by defendant. The plaintiff denied its execution, and, to disprove it, introduced in evidence several genuine signatures of the deceased. Section 344 of the code provides: "Evidence respecting handwriting may be given by comparison made, by experts or by the jury, with writings of the same person which are proved to be genuine." See *First Nat. Bank of Madison v. Carson,* 48 Neb. 763; *Capital Nat. Bank v. Williams* 35 Neb. 410; *Grand Island Banking Co. v. Shoemaker,* 31 Neb. 124; *Huff v. Nims,* 11 Neb. 363. Under the evidence in this case, we are satisfied that, had the issue been submitted to the jury and a verdict returned for plaintiff we would not be justified in setting it aside on the ground of the insufficiency of the evidence. Applying this test, we must conclude that the court erred in directing a verdict for defendant.

But defendant contends that under the pleadings he was not required to prove the execution of the contract under which he claimed the right to retain the $500. In the petition plaintiff alleged that a contract of employment was entered into between defendant and deceased, and, thereupon, defendant entered into a contract, as agent of deceased, to exchange land in Frontier county for certain lots in South Omaha and one lot in Omaha belonging to one Hawver, with a difference of $500 to be paid by Hawver to plaintiff's decedent. It was further alleged that defendant fraudulently withheld from his principal the fact that he was to receive the $500. Defendant in his answer admitted that there was a contract of employment in which he was employed to bring about an ex-

change of the Frontier county land for the South Omaha lots, and pleaded a supplemental written agreement, whereby he was to receive "as his sole compensation only and all of what he might obtain * * * in excess of what is provided in said contract (referring to the contract of employment)." That part of the answer referred to was traversed by a general denial in the reply. That a contract was alleged by plaintiff and the relation of principal and agent thereby established is shown by the pleadings. That fact established, we may presume the parties intended that the agent should receive compensation, but the amount of the compensation constitutes no part of the presumption. And the plaintiff, by alleging the contract of agency, did not bar himself from denying the particular contract for compensation which the defendant pleaded in his answer.

The petition sets forth, in substance, that defendant, as agent, fraudulently and with the intention of cheating his principal, concealed from the latter all facts relative to the $500 received by the defendant as a part of the consideration for the decedent's land. The petition stated a cause of action, and we recommend that the judgment of the district court be reversed and the cause remanded for a new trial.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED.

The following opinion on motion for rehearing was filed June 22, 1907. *Rehearing denied.*

EPPERSON, C.

The opinion in this case is reported *ante,* p. 612. Defendant urges in a motion for rehearing that the execution of the contract for compensation is established with

out question, and without any conflict in the testimony. If this is true, our opinion was wrong and a rehearing should be allowed.

It is true the defendant testified that the deceased signed the contract, -and, further, that in a trial of the former action before a justice of the peace the contract was submitted to the deceased, who stated that "the name John P. Johnson attached to this contract was his signature." Defendant contends that his evidence was corroborated by the justice of the peace, who testified as to this matter, in substance, that at the trial referred to in defendant's testimony the deceased was present, and the contract was introduced in evidence without objection. This evidence cannot be considered as corroborative. It was not shown by any disinterested witness that the attention of the deceased was called to his alleged signature, or that he ever acknowledged the same as his handwriting. It is also true that no witness testified that the handwriting of the signature in question was not that of the deceased, but genuine signatures of the deceased were introduced in evidence. The original exhibits have been preserved in the record presented to us. These we have examined. From their appearance we are convinced that the genuineness of the contract in controversy is questionable, and that the plaintiff is entitled to a submission of the issue to a jury, notwithstanding the positive evidence of the defendant that the signature of the deceased is genuine.

Defendant urges other reasons for a rehearing, all of which we have carefully considered and find insufficient to require the granting of the motion.

We recommend that the motion for rehearing be overruled.

DUFFIE and GOOD, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the motion for rehearing is

OVERRULED.