P. A. WELLS, EXECUTOR, APPELLANT, v. HERMAN E.
COCHRAN, APPELLEE.

FILED APRIL 24, 1909. No. 16,055.

1. **Principal and Agent: PROFITS.** All profits made or advantage gained by an agent in the execution of his agency belong *prima facie* to his principal.

2. ———: ———: BURDEN OF PROOF. And if the agent justifies the retention thereof on the theory that his principal agreed thereto, the burden is on the agent to prove said defense.

3. ———: SALE OF PROPERTY: BURDEN OF PROOF. An agent cannot, directly or indirectly, lawfully have an interest in the sale of the property of his principal without the latter's consent freely given after full knowledge of all facts known to the former; and, if a contract is made in regard thereto after said agency is created, the burden of proof is on the agent to show the knowledge and consent of his principal.

4. **Appeal: NEW TRIAL: DISCRETION OF COURT.** The order of a district court granting a new trial at the same term a verdict is rendered will not be set aside, unless it clearly and unequivocally appears that there did not exist any tenable ground to support said order, but that the court thereby abused its discretion.

APPEAL from the district court for Douglas county: ALEXANDER C. TROUP, JUDGE. *Reversed.*

*Lysle I. Abbott,* for appellant.

*A. C. Churchill, contra.*

ROOT, J.

A statement of this case may be found in 78 Neb. 612. Upon the second trial the cause was submitted to a jury, and a verdict returned for $705.30 in favor of plaintiff, which was set aside on defendant's application. The case was again tried, and at the close of plaintiff's evidence the court directed a verdict in favor of defendant. Plaintiff appeals.

A bill of exceptions of the evidence offered and intro-

duced during each of said trials was preserved. Plaintiff requests, not only that the judgment in favor of defendant be set aside, but that the verdict returned at the preceding trial be reinstated and the district court directed to render judgment thereon.

1. Concerning the last trial, plaintiff complains because the court excluded proffered testimony tending to prove that, before defendant secured from Johnson, now deceased, a contract authorizing a trade of the Frontier county land for Hawver's South Omaha property, Cochran had a tentative arrangement whereby Hawver agreed to give $500 boot money, and that knowledge of said fact was withheld and concealed from Johnson by defendant. Plaintiff has not charged defendant with any such dereliction. His cause of action is based upon the allegation that defendant fraudulently concealed from Johnson the fact that Hawver had paid the boot money, and that defendant had converted it to his own use. The testimony should not have been received as part of the case in chief, and was properly excluded in the order in which it was offered. For the reason that no allegation was made with regard thereto, the court also properly excluded evidence tending to show that Hawver paid defendant a commission for bringing about a consummation of the trade referred to.

2. Defendant admitted in his answer that he was authorized by Johnson to consummate an exchange of the real estate referred to in the petition, but alleged that by a separate instrument Johnson agreed that the defendant might have, as compensation for his services, all that Hawver would give over and above the South Omaha property and a certain note and mortgage, and that he received from Hawver $471, to which he was entitled, and did retain, under said agreement as his compensation; that thereafter Johnson settled with him, and gave his note for about $40, the sum found due defendant. Plaintiff in his reply denied said allegations. On the trial it was shown that defendant during said transaction received

$471 cash from Hawver, and there is not a scintilla of evidence to show that a penny of this money was ever paid to Johnson. In fact Johnson, in company with Hawver, made a demand on defendant to account for the money received by him.

Defendant argues that the law presumes honesty and fair dealing; that the contract with Hawver entitled him, as Johnson's agent, to receive the $471; that the presumption is that whatever he retained was legally and rightfully withheld, and cites *Turvin v. Timberlake*, 38 S. W. (Ky.) 491. Therein plaintiff sued his broker for a balance of money collected by the agent on a sale of plaintiff's real estate, and less a reasonable compensation for the agent's services, and the court, over defendant's objections, held that the burden was on plaintiff, and that he was entitled to open and close the case. The case is not officially reported, nor in point in the instant one.

Plaintiff and defendant in their respective pleadings agree that Cochran was authorized by Johnson to negotiate a transfer of the latter's land, and that nothing was said in the warrant of authority about boot money. They also concur in the fact that Johnson received at least $471 from Hawver as part of the consideration for that exchange. This was a profit arising from the transaction. It is elementary law that all profit made or advantage gained by an agent in the execution of his agency belongs to the principal, and it is immaterial whether that advantage is the result of the performance or violation of the agent's duty. *Gardner v. Ogden*, 22 N. Y. 327; Mechem, Agency, sec. 469. Defendant, to meet this phase of the case, has alleged in his answer, but totally failed to prove, that by a separate agreement Johnson agreed that Cochran might retain all boot money as commission for making said transfer. If at the time this contract for compensation was made, if made at all, a relation of trust and confidence, or that of principal and agent, or client and attorney, did not exist between Johnson and Cochran, defendant was justified in avail-

ing himself of his superior knowledge and in making the best terms possible for himself. If, however, any such fiduciary relation then existed between said parties, the burden would be on defendant to not only prove the execution of the agreement to retain the boot money, but that before it was made he made a complete disclosure of the facts within his knowledge to Johnson. *Tyler v. Sanborn,* 128 Ill. 136; *Lamb v. Fairbanks,* 48 Vt. 519; *Dunne v. English,* 31 L. T. R. n. s. (Eng.) 75.

Plaintiff, in the second and third trials, acted on the theory that proof of defendant's knowledge, before he secured authority to make the trade, that Hawver would pay the boot money was part of the case in chief, but such was not the fact under the issues tendered. Until defendant made at least *prima facie* proof of the facts essential to constitute his defense, the record should not have been incumbered with evidence concerning such knowledge on the part of Cochran. Sufficient, however, appears to demonstrate the error of the court in directing a verdict for defendant.

3. We do not think that we should order the first verdict reinstated. The verdict was set aside during the term it was received. The court was then vested with great discretion and may have acted for some proper reason not disclosed by the transcript or the bill of exceptions.

The judgment of the district court therefore is reversed and the cause remanded for further proceedings.

REVERSED.

FAWCETT, J., not sitting.