P. A. Wells, Executor, appellant, v. Herman E. Coch-
RAN ET AL., APPELLEES.

Filed January 24, 1911.   No. 16,185.

1. Exceptions, Bill of: Service. It is not necessary to serve a pro-
posed bill of exceptions upon one who purchases the subject mat-
ter of the litigation while the action is pending and continues
the litigation in the name of the assignor. Service upon the de-
fendant is sufficient.

2. Judgment: Equitable Set-Off. Where peculiar equities intervene
between the parties, a court of equity may enjoin the collection
of a judgment until the debtor litigates an unliquidated claim
against his creditor, and if the debtor succeeds the court may set
off the judgments so far as one may equal the other.

3. ———: ———. If an executor sued for his testator's debt is pre-
vented from proving a set-off by the unconscionable conduct of
an insolvent plaintiff, and by his own innocent mistake, a court
of equity may, in its discretion, enjoin the collection of the judg-
ment until the set-off is liquidated in an action at law, and sub-
sequently set off the judgments so far as they equal each other.

4. ———: ———. The evidence examined, and commented upon in
the opinion, and held to establish the executor's right to equitable
relief.

Appeal from the district court for Douglas county:
Lee S. Estelle, Judge. *Reversed with directions.*

*Lysle I. Abbott,* for appellant.

*Arthur S. Churchill, contra.*

Root, J.

The defendant Cochran, an attorney at law, negotiated a
real estate trade for John P. Johnson, and subsequently
recovered judgment against him in justice court upon his
note given for services rendered. Johnson appealed to
the district court. In both courts the defendant as a de-
fense and counterclaim pleaded that Cochran was in-
debted to him in the sum of $500 for money had and

received for Johnson's use. While this suit was pending Johnson died, and Mr. Wells, an attorney at law, the plaintiff herein, as executor of the last will and testament of the deceased, was substituted as the defendant. While Mr. Wells was trying a case in one division of the district court, Mr. Cochran appeared in the division where his suit was pending, and, in the absence of any one representing the Johnson estate, caused judgment to be entered by default upon his note. The court refused to set aside the default, and thereupon Mr. Wells, as executor, commenced an original action against Cochran to recover $500 upon the cause of action theretofore pleaded as a set-off. This case has twice appeared in this court. *Wells v. Cochran,* 78 Neb. 612, 84 Neb. 278. In the meantime Cochran sued Mr. Moriarty, the surety upon the undertaking given by Johnson to appeal the suit, first referred to, to the district court, and after considerable litigation recovered judgment. Mr. Moriarty was indemnified by Johnson, and if the judgment is collected the assets of the Johnson estate will be depleted to that extent. Mr. Cochran is insolvent, and this action is prosecuted to restrain the collection of that judgment until the suit prosecuted by Wells shall have been determined, and for equitable relief. After issue joined, but before trial, Mr. Cochran sold and assigned the judgment to his counsel, who intervened in the action. The court dismissed the plaintiff's petition. The plaintiff appeals.

The intervener moves to quash the bill of exceptions because it was not served upon him. The bill was served upon Cochran and he made no suggestions of amendment. The intervener was not substituted for Cochran as the defendant, but the action continued in the name of the original parties according to the provisions of section 45 of the code. The interests of the defendant and the intervener are identical and service of the bill upon either, in the circumstances of this case, binds both. *Crane Bros. Mfg. Co. v. Keck,* 35 Neb. 683.

Upon the merits the defendant contends that, since the

district court refused to grant the executor a new trial in the law action, it conclusively appears that he was negligent in not appearing for trial, and, having failed to litigate his set-off in that action, equity should not interfere in his behalf. The principle invoked is sound, but there are exceptions to all general rules. The executor's remedy in trying the set-off in the action at law was not complete and adequate because the case had been appealed from justice court, and the district court could not render judgment for more than $200, although the executor's demand, after deducting the amount of the Cochran note, would exceed that sum. Notwithstanding this fact Mr. Wells was willing to submit the set-off in the action at law, but was not heard because of his adversary's unconscionable conduct. Judge Story says, in substance, that the equities which should move a court of equity to extend the doctrine of set-off are so various "as to admit of no comprehensive enumeration." 2 Story, Equity Jurisprudence (13th ed.) sec. 1437a. In section 885, commenting upon the right and duty of a court of equity to enjoin the enforcement of a judgment recovered in an action at law, the learned author says: "Indeed the occasions on which an injunction may be used to stay proceedings at law are almost infinite in their nature and circumstances. In general it may be stated that in all cases where by accident, or mistake, or fraud, or otherwise a party has an unfair advantage in proceedings in a court of law, which must necessarily make that court an instrument of injustice, and it is therefore against conscience that he should use that advantage, a court of equity will interfere and restrain him from using the advantage which he has thus improperly gained. * * * If any such unfair advantage has been already obtained by proceedings at law to a judgment, it will in like manner control the judgment and restore the injured party to his original rights." In section 886 the author says: "The injunction is not confined to any one point of the proceedings at law; but it may, upon a proper case being pre-

27.

sented to the court, be granted at any stage of the suit * * * to stay trial; sometimes after verdict to stay judgment; sometimes after judgment to stay execution."

The affidavits used on the application to set aside the default were introduced in evidence in this case by the defendant and should be considered competent against him. They show, to say the least, that Mr. Wells was under the impression that the case would not be tried until a later day; that Mr. Cochran was swift to take judgment by default against his adversary, and tenacious in resisting inquiry into a charge involving his honor and integrity as a man and as an officer of the court. We think that Mr. Cochran thereby obtained an unfair advantage, and, while that fact in itself might not justify a court of equity in interfering with the execution of the judgment, yet, when we consider that Cochran is insolvent and to permit him to collect the judgment will forever dissipate and may misapply the trust funds in the executor's hands, notwithstanding a money judgment may be rendered against Cochran, we think a peculiar equity intervenes to justify equity in assuming jurisdiction of this case.

In *Thrall v. Omaha Hotel Co.*, 5 Neb. 295, the insolvency of a party against whom a set-off was claimed is recognized as sufficient to justify the intervention of a court of equity. See, also, *Richardson v. Doty*, 44 Neb. 73; *Stone v. Snell*, 86 Neb. 581; *Frye-Bruhn Co. v. Meyer*, 58 C. C. A. 529; *St. Paul & Minneapolis Trust Co. v. Leck*, 57 Minn. 87.

In *Wright v. Salisbury*, 46 Mo. 26, a set-off was allowed in equity although it had been pleaded in an action at law, but not prosecuted to judgment. In *Allen v. Medill & Barret*, 14 Ohio 445, a creditor promised while his suit was pending to credit the defendant with the amount of an unliquidated claim after judgment, and for that reason the defendant did not appear. The creditor was insolvent, and after judgment refused to give the credit, and the court in an action in equity, while recognizing the general rule contended for by the defendant herein, held that,

since the one party was insolvent and the other was misled by the insolvent's dishonest conduct, it should credit the unliquidated claim upon the judgment. See, also, *Kelly v. Wiard*, 49 Conn. 443; *Levy v. Steinbach*, 43 Md. 212; *McDonald v. Mackenzie*, 24 Or. 573; *Wood & Houston v. Steele*, 65 Ala. 436. What has been said does not discredit *Norwegian Plow Co. v. Bollman*, 47 Neb. 186. In that case an attempt was made to impeach a judgment fairly rendered upon the merits, while in this case the plaintiff seeks to restrain the collection of a judgment unfairly procured, until he can reduce his demand to judgment and use it to pay the other, to the end that he may adequately protect the trust funds in his hands. Nor does this opinion run counter to the general statements of law found in *Knox County v. Harshman*, 133 U. S. 152, and relied on by the defendant. In that case the plaintiff sought to enjoin the defendant from suing out a writ of mandamus theretofore awarded by the supreme court, something no court of last resort would tolerate. The statement was evidently copied from 2 Story, Equity Jurisprudence (13th ed.) sec. 887, wherein the learned author discusses a bill of review exhibited for the purpose of securing a new trial in an action at law, and is not in point in a case involving the doctrine of equitable set-off.

What has been said concerning Mr. Cochran's liability to the Johnson estate should not be considered as an opinion that the executor should prevail in his action at law, but merely that the evidence satisfies us that the executor is prosecuting his demand in good faith and that it should be submitted to a jury.

The other propositions argued in the briefs do not in our judgment control this case, and the opinion will not be extended by further reference thereto. Upon the entire record, we find that the plaintiff has made out a case for equitable relief.

The judgment of the district court, therefore, is reversed and the cause remanded, with instructions to enter a judgment restraining the defendant and the intervener

from collecting the judgment against Mr. Moriarty until the litigation between the executor of the estate of John P. Johnson and the defendant is finally determined, and, if in consequence thereof a judgment shall be rendered against Herman E. Cochran, that subsequently, in so far as it will apply, the judgment shall be set off against the judgments recovered by him and referred to in this opinion.

REVERSED.

SEDGWICK, J., dissenting.

There is very little, if any, controversy as to the facts of the case, so far as they relate to the principal question presented upon this appeal. In 1902 the defendant, Cochran, who is an attorney at law, practicing at the bar of Douglas county, in this state, and is also engaged in real estate transactions, was acting for one Johnson in the exchange of some of Mr. Johnson's property for other property. After the business was settled Mr. Johnson, it is claimed, executed and delivered to Mr. Cochran his promissory note by which he agreed to pay Mr. Cochran between $40 and $50 for expenses and on account of services rendered by Mr. Cochran in the transaction mentioned. Afterwards, Mr. Cochran brought suit upon this note, and Mr. Johnson defended it, alleging that in the transaction mentioned Mr. Cochran had received a sum of money which really belonged to Mr. Johnson, and had withheld from Mr. Johnson the knowledge of the fact that he had received the money, and had converted the money to his own use. This action was tried in justice court in Douglas county and there resulted in judgment in favor of Mr. Cochran, and was appealed by Mr. Johnson to the district court. That action has been twice in this court (*Wells v. Cochran*, 78 Neb. 612, 84 Neb. 278), and the suit against Mr. Moriarty as surety upon the appeal bond has also been in this court (*Cochran v. Moriarty*, 78 Neb. 669), and there have been many trials in the district court arising out of this controversy.

Immediately after the above mentioned judgment in

the district court in favor of Mr. Cochran and against the estate of Johnson, the plaintiff, as executor, began an action at law upon the identical claim which he had set up as a defense in the action in which the judgment was obtained. That action has run a devious course through all the courts and appears to be still pending.

The plaintiff believes that, if Cochran is not allowed to collect his judgment against Moriarty until plaintiff is able to try finally his counterclaim against Cochran, he will be able to recover a judgment and set it off against the judgment which Cochran holds against Moriarty, and that the latter judgment should be enjoined until his suit against Cochran is finally disposed of. The only reason that he gives in his petition for failing to assert his counterclaim in the action at law in which Cochran obtained his judgment is that "said Cochran, while plaintiff was engaged in another division of said district court, called up said case for hearing and obtained judgment against plaintiff for $69.45 and costs by default, whereupon plaintiff commenced a suit in the said district court" upon the same counterclaim. And so it appears that all of this litigation has been occasioned because this plaintiff, who is an attorney, was trying another case when he should have been attending to his own. The law should and does, if properly applied, discourage and prevent such unnecessary litigation. The disgraceful results are not inherent in the law, but in the manner of administering it. Ordinarily the whole matter should have been satisfactorily settled upon the first hearing in the justice court. If, however, the justice of the peace, as sometimes happens, misunderstood the legal rights of the parties so that there was in fact no substantial trial of the matters in controversy, and it became necessary to appeal to the district court, an investigation of the facts in dispute in that court ought ordinarily to end such a controversy.

Affidavits which were filed by plaintiff upon a motion in the district court to set aside the default which he complains of were offered in evidence and received by the

court upon the trial of the case at bar. They were received, however, over the objection of this defendant that they were incompetent and irrelevant under this issue, as they clearly were, and evidently were not considered by the trial court. They are now made the basis of the majority opinion. They show that plaintiff relied upon some verbal promises and representations of opposing counsel as to the time of trial of the cause then pending, and so failed to appear in court to make his defense. Even if the trial court erred in refusing to set aside the judgment complained of and allow the defense of the counterclaim to be heard, such error could only be corrected by a direct appeal to this court for that purpose. But no such issue is tendered in the petition for the injunction against the judgment. The mere fact that the defendant was also an attorney and engaged in the trial of another case when his case was reached for trial is not sufficient to explain his neglect to defend. "A judgment at law obtained through the fraudulent conduct of the judgment creditor will not be enjoined where the defense could have been made at law." *Norwegian Plow Co. v. Bollman*, 47 Neb. 186, 192. In the case at bar the plaintiff not only had an opportunity to litigate his claim in the action in which the judgment against him was obtained, but he actually did set it up as a counterclaim, a claim arising out of the same transaction as that on which he was being sued. Unless he was prevented by fraud, accident, or mistake from making his defense in the law action, he was not entitled to a new trial in that action, much less in a subsequent action in equity. Before the statutes providing for counterclaims and set-offs were introduced in this country, the courts of equity enjoined the collection of judgments in certain cases in which it was made to appear that equity required that set-offs and counterclaims should be allowed. Since these statutes allowing set-offs and counterclaims have been enacted, it has been held that courts of equity will under proper circumstances enjoin the collection of judgments in cases

where the statutory provision for set-off and counterclaim in law actions will not apply. It was natural therefore that some of the earlier decisions of inferior courts overlooked the distinction, and some of the earlier cases from the lower courts may be found that will upon first reading appear to justify the conclusion of the majority opinion.

The case does not involve an equitable set-off; it has to do with a statutory counterclaim. When a counterclaim is provided for by statute, the holder of it does not have to ask a court of equity for leave to use it. All that is required of him is to use it at the time and in the manner that the statute provides. This case has to do with a judgment. The question is: When will equity interfere with a judgment so as to allow a statutory counterclaim that might have been used to defeat the judgment? This is a plain question, and has been plainly answered by many courts. "A court of equity does not interfere with judgments at law, unless the complainant has an equitable defense of which he could not avail himself at law, or had a good defense at law which he was prevented from availing himself of by fraud or accident, unmixed with negligence of himself or his agents." *Knox County v. Harshman*, 133 U. S. 152. In this case, as above stated, the plaintiff did not have "an equitable defense of which he could not avail himself at law," and so he does not stand upon the first ground named by the United States court. He had a statutory counterclaim, "a good defense at law," and the sole question here is: Was he prevented from availing himself of that defense "by fraud or accident, unmixed with negligence of himself or his agents"? This question is not much discussed in the majority opinion. The effect of insolvency as a ground for equitable set-off is dwelt upon, but as this is a statutory counterclaim, and not an equitable set-off, that discussion is not applicable. The cases cited for the most part involve elements of equitable set-off when the circumstances are such that the statute or common law do not allow that defense, and have

nothing to do with statutory or common law set-off or counterclaim. The discussion of equitable set-off in this case leads, so far as I can see, to confusion. The plaintiff had "a good defense at law," in the action in which the judgment was obtained which he now seeks to have equity interfere with. The insolvency of the plaintiff in that action would not prevent making the defense of counterclaim, and I do not see that the plaintiff in this action has shown that he was prevented from making that defense "by fraud or accident, unmixed with negligence of himself or his agents." That being so, the judgment of the district court is right.