Wells v. Cochran.

---

P. A. WELLS, EXECUTOR, APPELLANT, V. HERMAN E. COCHRAN, APPELLEE.

FILED OCTOBER 2, 1915. No. 19056.

1. Appeal: REVERSAL: LAW OF THE CASE. Where a judgment of the district court is reversed and the cause is remanded for a new trial, on such new trial the court is bound by the law of the case as announced by the supreme court.

2. Principal and Agent: CONTRACT WITH PRINCIPAL. An agent, who makes a contract with his principal in regard to the subject matter of his agency, must disclose to his principal all of the facts within his knowledge affecting the value of the things so contracted for. If he fails to do so, the principal will not be bound by the contract so made.

APPEAL from the district court for Douglas county: LEE S. ESTELLE, JUDGE. Reversed.

Ray J. Abbott and P. A. Wells, for appellant.

A. S. Churchill, contra.

BARNES, J.

This case is before us a third time. Our former opinions are reported in 78 Neb. 612, and 84 Neb. 278. In our last opinion it was held: "All profits made or advantage gained by an agent in the execution of his agency belong prima facie to his principal." It was further held: "An

agent cannot, directly or indirectly, lawfully have an interest in the sale of the property of his principal without the latter's consent freely given after full knowledge of all facts known to the former; and, if a contract is made in regard thereto after said agency is created, the burden of proof is on the agent to show the knowledge and consent of his principal." These statements have become the law of the case.

The issues remain the same as they were when the cause was tried the second time. On the present trial, the defendant had the verdict and judgment, and the plaintiff has again brought the case to this court for reversal. It will not be necessary to set forth the pleadings in full, for the issues are fairly stated in our former opinions.

It appears that the trial court, by his instructions, informed the jury that the only question which they could consider was whether the plaintiff's testate signed the contract, by which it was claimed Johnson agreed that defendant should have all he could get from the Hawvers in exchange for his Frontier county land in excess of the South Omaha lot. This is assigned as error. If Johnson, after he had employed Cochran, as claimed in the plaintiff's petition, signed the agreement which defendant contended authorized him to retain the $500 paid him by Hawver, without any knowledge of the fact that defendant had received or been promised this boot money, and defendant fraudulently concealed that fact from his client, then, as the agent and attorney of Johnson, he was bound to make such disclosure, and the contract, if signed by Johnson, was of no binding force and effect. It is a well-settled rule of law that fraud will vitiate such contracts. Our opinion on the last appeal shows clearly that the issue should not have been so restricted, and the giving of the instructions complained of, and the refusal to submit the question of fraudulent concealment, as requested by the plaintiff, was reversible error.

It is unnecessary to determine the other errors assigned, except that the evidence which tended to show the fraud and deceit should have been submitted to the jury, and

they should have been required to determine its truth or falsity.

The judgment of the district court is therefore reversed and the cause is remanded for further proceedings.

                                        REVERSED.

FAWCETT, J., not sitting.