DWAIN R. HAMILTON, APPELLEE, V. OMAHA & COUNCIL BLUFFS STREET RAILWAY COMPANY, APPELLANT.

41 N. W. 2d 139

Filed February 3, 1950. No. 32694.

Kennedy, Holland, DeLacy & Svoboda, for appellant.

Wear & Boland, for appellee.

Heard before SIMMONS, C. J., MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is an action by Dwain R. Hamilton, plaintiff and appellee, against the Omaha & Council Bluffs Street Railway Company, defendant and appellant, for damages for personal injuries and damage to property and a cross action by the defendant against plaintiff for damage to property.

The cause was tried to a jury. The jury returned a verdict in favor of plaintiff for $1,500 on his action and also in his favor on defendant's cross action. Judgment was entered on the verdict. Thereafter in due time the defendant filed a motion for judgment in its favor on the action and cross action notwithstanding the verdict and a motion for new trial. The two motions were overruled.

From the judgment and the rulings on the motion for judgment notwithstanding the verdict and the motion for new trial the defendant has appealed.

The action grew out of a collision which occurred between an automobile owned and operated by the plaintiff and a bus belonging to the defendant which was being used to transport passengers over and upon streets of the city of Omaha, Nebraska. The place of the collision was the intersection of Forty-first Avenue and Cuming Street and the time was December 19, 1947, at about 7 p. m. The time, place, and results of the accident are not in substantial dispute. The only substantial dispute involved in this appeal relates to the cause and responsibility for the occurrence.

Cuming Street at the point in question extends east and west, is a four-lane street, and is 46 feet in width from curb to curb. Forty-first Avenue comes into Cuming Street from the south. It does not extend north of Cuming Street. It is 26 feet in width from curb to curb. At the point where Forty-first Avenue intersects it, Cuming Street is protected by a stop sign.

At the time of the collision the bus had come into the intersection from the south and the front end thereof had reached about the center of Cuming Street and was in the act of turning west or to the left. The bus was about 28 feet in length. When it arrived in this position the plaintiff came from the west in the outer or south traffic lane of Cuming Street and ran into the left side of the bus with his automobile. The point of contact was slightly to the front of the center of the bus.

The plaintiff by his petition declared that the accident was caused by the negligence of the defendant in that the driver of the bus (1) failed to bring the bus to a stop at the stop sign before entering Cuming Street in violation of the statutes of Nebraska and the ordinances of the city of Omaha, (2) that he failed to keep a proper lookout for traffic, (3) that he failed to sound any signal or warning of his approach, (4) that he failed

to have the bus under proper control, and (5) that he failed to bring his bus to a stop or to change, alter, or divert the course thereof when he saw or, in the exercise of ordinary care, should have seen the plaintiff in a position of peril. No further reference will be made to the first and fourth of these specifications of negligence since by the instructions they were not submitted to the jury for consideration.

The defendant by answer after a general denial declared that the accident was caused by the negligence of the plaintiff in that (1) he carelessly and negligently drove his car at an excessive and negligent rate of speed under the circumstances, (2) he carelessly and negligently failed to accord to the defendant's bus the right-of-way although it was in the intersection first and was in the act of making a left-hand turn, (3) he carelessly and negligently failed to have his car under control, (4) he carelessly and negligently failed to stop his car and to avoid a collision with the defendant's bus, and (5) he carelessly and negligently failed to keep a proper lookout.

As a part of its cross action for damages to its bus the defendant by reference reasserted the charges of negligence on the part of plaintiff set forth in the answer.

None of these charges of negligence against the plaintiff were submitted by the instructions for consideration by the jury.

As grounds for reversal the defendant has presented numerous assignments of error. A considerable number of them fall logically into groups and do not require separate consideration. At the close of plaintiff's evidence and again at the conclusion of all of the evidence the defendant moved for a directed verdict and, as pointed out, after verdict it moved for judgment notwithstanding the verdict and for a new trial. A group of six (Nos. 1, 2, 3, 4, 5, and 6) challenges the sufficiency cf the evidence to support or sustain the submission of

the case to a jury and to sustain the verdict and judgment.

In an action where the evidence produced by the plaintiff is not sufficient to support a verdict in his favor it is the duty of the trial court to direct a verdict for the defendant. Reynolds v. Burlington & M. R. R. R. Co., 11 Neb. 186, 7 N. W. 737; Lee v. Hildebrand, 119 Neb. 717, 230 N. W. 673; Redwelski v. Omaha & C. B. St. Ry. Co., 137 Neb. 681, 290 N. W. 904; Hansen v. Village of Ralston, 145 Neb. 838, 18 N. W. 2d 213.

Where however there is any evidence which will support a finding for a party having the burden of proof, the trial court cannot disregard it and direct a verdict against him. Husenetter v. Little, 78 Neb. 220, 110 N. W. 541; Oswald v. Equitable Life Assurance Society, 128 Neb. 173, 258 N. W. 41; Gorman v. Bratka, 139 Neb. 84, 296 N. W. 456; Komma v Kreifels, 144 Neb. 745, 14 N. W. 2d 591; Herman v. Firestine, 146 Neb. 730, 21 N. W. 2d 444; Rueger v. Hawks, 150 Neb. 834, 36 N. W. 2d 236.

If a motion for directed verdict made at the close of the evidence in a case should have been sustained for want of evidence to support a verdict in favor of the party against whom made, it is the duty of the court on motion for judgment notwithstanding the verdict timely made to sustain such motion to set aside the verdict and to render the judgment pursuant to the motion for directed verdict. § 25-1315.02, R. R. S. 1943.

The determination upon this group of assignments of error in the respect mentioned is to be made in the light of these three legal propositions.

Evidence of the plaintiff is to the effect that at the time in question he was traveling eastward in the south or outer lane at the rate of about 25 miles an hour; that his lights were burning; that automobiles were parked at the curb just west of Forty-first Avenue; that when he was about 30 feet west of Forty-first Avenue plaintiff observed the bus emerging into Cuming Street from

the south; that he first saw it when it was about two feet into Cuming Street; that the bus did not stop but kept on going forward until after the collision; that when he saw the bus he set his brakes but was not able to stop without striking the bus; and that the collision of his automobile with the bus was near the middle thereof. The evidence as to speed of the bus is that it was traveling at from one to five miles an hour. There was no evidence of rain or snow but it appears that the pavement was wet or damp. There is evidence on the part of plaintiff that at the time the driver was talking to another bus operator who was a passenger on the bus.

On behalf of the defendant the bus operator testified that he stopped at the stop sign on the south side of Cuming Street, looked west, and saw the lights of an automobile, which later proved to be the automobile of plaintiff, coming from the west a block or a block and one-half away. He proceeded north into the intersection and looked to the east. After he had proceeded about 15 feet into the intersection he again looked west and saw plaintiff's automobile about 100 feet away. He attempted then to accelerate the speed of the bus but was not able to do so, at least not in any appreciable degree. He said that at the time of the collision the front end of the bus was at about the center of Cuming Street and that thereafter it traveled forward only a few feet. A witness for defendant said she saw the automobile of plaintiff about a block away and that it approached at a speed, as it seemed to her, of between 40 and 45 miles an hour. The bus driver denied that he was talking with anyone on the bus after the bus started.

This résumé fairly reflects the pertinent evidence upon the subject presently being examined. On this evidence the defendant urges that it becomes necessary to say the cause of action of plaintiff is without support and that the trial court therefore erred, first, in refusing to direct a verdict in favor of defendant at the close of all

of the evidence; second, in refusing to sustain the motion for judgment notwithstanding the verdict; and third, in refusing to grant a new trial.

Also on this evidence the defendant urges that its cross action was conclusively sustained and that the trial court erred, first, in refusing to direct a verdict in its favor at the close of the evidence; second, in refusing to sustain the motion for judgment notwithstanding the verdict; and third, in refusing to grant a new trial.

Further it is urged substantially that this evidence discloses that even though it might be said that the defendant was guilty of negligence the plaintiff was guilty of such negligence or contributory negligence as would as a matter of law preclude a recovery on his cause of action.

In a determination upon these assignments of error these motions of the defendant must be treated as admissions of the truth of all material and relevant evidence submitted by the plaintiff and he is entitled to have every controverted fact and every reasonable inference resolved in his favor. If after so considering his evidence it shall be found that the verdict was supported by competent evidence then these assignments of error must be found to be without merit. Spaulding v. Howard, 148 Neb. 496, 27 N. W. 2d 832; Dickman v. Hackney, 149 Neb. 367, 31 N. W. 2d 232; Kipf v. Bitner, 150 Neb. 155, 33 N. W. 2d 518; Willoughby v. Swett, 150 Neb. 258, 34 N. W. 2d 287; Nama v. Shada, 150 Neb. 362, 34 N. W. 2d 650; Hoerger v. City State Bank, 151 Neb. 321, 37 N. W. 2d 393; Umberger v. Sankey, 151 Neb. 488, 38 N. W. 2d 21.

Specifically as regards the plaintiff's cause of action, if the charges of negligence against the defendant find sufficient material and relevant support in the evidence then the trial court did not err in overruling the motions referred to. This is subject however to the conclusion reached with regard to negligence or contributory negli-

gence on the part of plaintiff, a subject which will be considered in its proper order.

The grounds of negligence which were submitted to the jury have been stated herein and the pertinent evidence has been summarized. The question for resolution therefore is that of whether or not the evidence of plaintiff taken as true is sufficient to directly or reasonably inferentially sustain the charges or some of them that the driver of the bus failed to keep a proper lookout for traffic, that he failed to sound any signal or warning, and that he failed to bring his bus to a stop or change, alter, or divert the course of the bus when he saw or, in the exercise of ordinary care, should have seen the plaintiff in a position of peril, and that his failure was the proximate cause of the accident.

As pointed out Cuming Street was protected by a stop sign. The bus driver knew this was true and a reasonable inference from the evidence is that the plaintiff also knew it. No horn was sounded or other signal given by the bus driver when he entered the intersection. When he entered he looked west and then looked east and did not again look west, although he was crossing the east-bound lanes, until he had emerged about 15 feet into Cuming Street. He did not attempt to stop the bus. Plaintiff did not see the bus until he was within 30 feet of the intersection. He could not then avoid a collision. Whether or not he could have seen it earlier is not made clear but the evidence is subject to a reasonable inference that he could not.

We think the evidence of plaintiff under the circumstances and conditions disclosed was sufficient upon which to submit an issue of negligence on the part of defendant, particularly with regard to failure to keep a proper lookout and failure to stop or turn aside, and on the record we are not prepared to say that this was not true as to the failure to give a signal of his purpose.

Under the rule that the evidence must be considered most favorably to plaintiff and every reasonable infer-

ence resolved in his favor, and when reasonable minds may differ as to the effect of the evidence, the case is for the jury, we think the question of negligence of the defendant in this case was for the jury (Wells v. Cochran, 78 Neb. 612, 111 N. W. 381, 78 Neb. 614, 112 N. W. 616; Dillon v. Sears-Roebuck Co., 126 Neb. 357, 253 N. W. 331; Komma v. Kreifels, *supra;* Herman v. Firestine, *supra*), unless it may be said on the record as a matter of law that the plaintiff was guilty of such negligence or contributory negligence as would preclude a recovery on account of negligence of the defendant.

In considering the defense of negligence or contributory negligence the rule is that where reasonable minds may draw different conclusions from the evidence the question of negligence and comparison thereof is for the jury. Jones v. Union P. R. R. Co., 141 Neb. 112, 2 N. W. 2d 624; Meyer v. Platte Valley Construction Co., 147 Neb. 860, 25 N. W. 2d 412; Blanchard v. Lawson, 148 Neb. 299, 27 N. W. 2d 217; Dickman v. Hackney, *supra;* Krepcik v. Interstate Transit Lines, *ante* p. 39, 40 N. W. 2d 252.

It is only where the evidence shows beyond reasonable dispute that a plaintiff's negligence was more than slight as compared with a defendant's negligence that it is the duty of the court to determine the question as a matter of law and to direct a verdict in favor of the defendant. Whittaker v. Hanifin, 138 Neb. 18, 291 N. W. 723; Dickenson v. County of Cheyenne, 146 Neb. 36, 18 N. W. 2d 559; Meyer v. Platte Valley Construction Co., *supra*; Krepcik v. Interstate Transit Lines, *supra*.

The defendant contends that in considering the question of negligence or contributory negligence of the plaintiff it must be regarded as having had the right-of-way at this intersection and was entitled to the benefit of the rule of law relating thereto under which it became the duty of the court to say as a matter of law that the plaintiff was guilty of contributory negligence. The rule is the following: "Motor vehicles traveling

upon public highways shall give the right of way to vehicles approaching along intersecting highways from the right, and shall have the right of way over those approaching from the left when said vehicles shall reach the intersection at approximately the same time. In all other cases the vehicle reaching the intersection first shall have the right of way." § 39-728, R. S. 1943.

It also contends that it is entitled to have the same benefit from the general rule that it is negligence as a matter of law for a motorist to drive an automobile so fast on a highway at night that he cannot stop in time to avoid a collision with an object within the area illuminated by his lights. Roth v. Blomquist, 117 Neb. 444, 220 N. W. 572, 58 A. L. R. 1473; Allen v. Clark, 148 Neb. 627, 28 N. W. 2d 439.

These rules have no application in a case where different minds may reasonably draw different conclusions or inferences from the adduced evidence, or if there is a conflict in the evidence, as to whether or not the evidence establishes negligence or contributory negligence, and the degree thereof, when one is compared with the other. In such case the issues are for the jury. Parks v. Metz, 140 Neb. 235, 299 N. W. 643; Riekes v. Schantz, 144 Neb. 150, 12 N. W. 2d 766; Howerter v. Olson, 145 Neb. 517, 19 N. W. 2d 346; Miers v. McMaken, 147 Neb. 133, 22 N. W. 2d 422; Pierson v. Jensen, 150 Neb. 86, 33 N. W. 2d 462.

On the record made and under the legal principles announced it appears that there was a substantial conflict in the evidence on the question of whether or not plaintiff was guilty of negligence or contributory negligence which caused or contributed to the accident in question. That question was one for determination by the jury. Therefore on this group of assignments the trial court did not err in overruling the motions for directed verdict, for judgment notwithstanding the verdict, and for a new trial.

The defendant urges in two assignments (Nos. 7 and

8) that the court erred in failing to set forth in the instructions the charges of negligence made against the plaintiff in the answer and cross-petition. The court was requested to so instruct but the request was refused.

This was error. These were issues submitted to the jury for determination. It was the duty of the court to instruct upon them, even without request, and a failure so to do was error prejudicial to the defendant. Yorke v. Seddon, 140 Neb. 101, 299 N. W. 333; In re Estate of Keup, 145 Neb. 729, 18 N. W. 2d 63; Franks v. Jirdon, 146 Neb. 585, 20 N. W. 2d 597.

A group of five assignments (Nos. 9, 10, 11, 15, and 16) urges that the court erred in submitting to the jury the charges of negligence against the defendant. They have been effectually disposed of unfavorably to the defendant in our determination upon the first group of assignments considered. They will receive no further consideration here.

An assignment (No. 12) dealing with the submission of the counterclaim of the defendant appears. The determination upon the first group also effectually disposes of this assignment likewise unfavorably to the defendant.

The next assignment (No. 13) to be considered is one wherein it was urged that the court erred in instructing the jury that the defendant had not pleaded contributory negligence on the part of plaintiff. The court did so instruct the jury in the first paragraph of instruction No. 4.

It is true that the defendant did not in specific terms plead contributory negligence but it did plead that the accident was caused by the negligence of the plaintiff. We think this was sufficient as a charge of contributory negligence. Contributory negligence within its definition and meaning when applied to actions for damages is but a degree of negligence and it is a lesser degree than that which is regarded as a proximate cause. When negligence as a proximate cause generally is charged and it becomes necessary to compare it with opposing

negligence under the comparative negligence law it must be said that this is sufficient as a charge of contributory negligence. Large v. Johnson, 124 Neb. 821, 248 N. W. 400; Bauer & Johnson Co. v. National Roofing Co., 107 Neb. 831, 187 N. W. 59.

While the instruction in this respect was erroneous it appears to have been without prejudice. In the further paragraphs of the instruction the court did instruct properly with regard to the comparative negligence rule in its application to both the action of the plaintiff and the cross action of the defendant.

The next assignment (No. 14) is a complaint that the court erred in giving instruction No. 7. In the first paragraph the jury was told in substance that the driver of an automobile on a street or highway is bound to exercise reasonable care to avoid injury to one who may be violating the statutes, ordinances, or rules of the road and that whether or not the parties to this case exercised reasonable care under the circumstances was for the jury to determine. The instruction in this respect was purely abstract. Attention was not called to any claimed violation of statute, ordinance, or rule of the road on the part of either party to which the instruction could apply. It called upon the jury to make a determination but gave nothing upon which to base it. Ellis v. Union P. R. R. Co., 148 Neb. 515, 27 N. W. 2d 921.

The next group of assignments (Nos. 17, 18, 19, 20, 21, 22, and 23) deals with the court's refusal to give instructions requested by the defendant. They relate to plaintiff's charges of negligence, to sufficiency of evidence to support them, and to treatment of the evidence under the comparative negligence rule. By reason of the conclusions already arrived at with reference to those subjects we conclude that the assignments are without merit.

The next assignment (No. 24) charges that the court erred in refusing to give a tendered instruction embodying parts of section 39-7,108, R. S. Supp., 1949. The fol-

lowing from the instruction was proper on the record and should have been given: No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions then existing. Thurow v. Schaeffer, 151 Neb. 651, 38 N. W. 2d 732.

The remainder of the instruction relates to the rate of speed of an automobile in a residence district of a city. The statute provides that the rate shall be 25 miles an hour unless a higher rate is specifically permitted by ordinance of a city or village. No information was given on the trial as to whether or not the statutory rate or one fixed by ordinance of the city of Omaha was applicable, hence it was not error to refuse to give this part of the instruction.

The next assignments (Nos. 25 and 26) are, in the light of what has already been said, without merit. Questions were presented for determination by a jury and we cannot say that the verdict was clearly wrong or that it was the result of passion, prejudice, or mistake.

The remaining assignments (Nos. 27 and 28) deal with the failure of the court to give instructions tendered by the defendant dealing with the rights of the defendant in view of the fact its bus driver stopped at the intersection before entering. The instructions contain correct and appropriate statements of legal principle. Meyer v. Hartford Bros. Gravel Co., 144 Neb. 808, 14 N. W. 2d 660. The court did not give on its own motion instruction pertaining to this question. It was error to refuse to give these instructions. Gettinger v. State, 13 Neb. 308, 14 N. W. 403; Osborne v. State, 115 Neb. 65, 211 N. W. 179; Grosh v. State, 118 Neb. 517, 225 N. W. 479; Fiehn v. State, 124 Neb. 16, 245 N. W. 6.

The judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.

CARTER, J., participating on briefs.

CHAPPELL and WENKE, JJ., concur in result.