THOMAS E. BARRY, ADMINISTRATOR OF THE ESTATE OF LARRY THOMAS BARRY, DECEASED, APPELLANT, V. HUBERT DVORAK, APPELLEE.

126 N. W. 2d 226

Filed February 7, 1964.    No. 35533.

Abrahams, Kaslow, Story & Cassman and Robert C. Oberbillig, for appellant.

Wear, Boland, Mullin & Walsh, Kanouff & Brown, and A. Lee Bloomingdale, for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

YEAGER, J.

This is an action for damages by Thomas E. Barry, administrator of the estate of Larry Thomas Barry, deceased, plaintiff and appellant, against Hubert Dvorak, defendant and appellee, growing out of alleged negligence of the defendant occurring on June 27, 1960, at about 6 a.m., on a public highway in Saunders County, Nebraska, which caused the death of the decedent.

The case was tried to a jury and at the conclusion of plaintiff's evidence, a motion was made by the defendant to dismiss the action. This motion was overruled. The defendant adduced his evidence and at the conclusion

of the trial the motion to dismiss was renewed. It was at that time sustained and a judgment was rendered dismissing the action on the ground that there was a lack of competent evidence of negligence on the part of the defendant.

A motion for new trial was duly filed wherein it was stated that the decision of the court was not sustained by sufficient evidence, that the decision of the court was contrary to law, and that there were errors of law which occurred at the trial which were duly excepted to by the plaintiff. This motion was overruled and the plaintiff has appealed from this order and the judgment.

Facts in this case about which there is no material dispute are that on June 27, 1960, at about 6 a.m., the decedent was operating a 1948 Chevrolet automobile westward on a graveled road which road extended eastward from Prague, Nebraska. The traveled surface of the road at the time and place involved in this action was about 23 feet in width. There was no line in the road indicating directions for westbound and eastbound traffic. At the same time the defendant was traveling eastward in a 1956 Ford automobile. When the decedent and the defendant reached a point variously estimated at from one-half mile to three-fourths of a mile east of Prague a collision occurred between the left front ends of the two automobiles, and as a result the decedent was killed.

By his petition the plaintiff alleged that the cause of the collision with its consequences was negligence of the defendant in the following particulars: That the defendant failed to yield one-half of the roadway to the decedent when he knew or in the exercise of due care should have known of his approach; that he failed to have his vehicle under proper control; that he failed to keep a proper lookout; and that he drove his vehicle at an excessive and unreasonable rate of speed for the circumstances and conditions then prevailing.

There were no eyewitnesses to the collision of the two automobiles except the defendant. The only evi-

dence adduced by the plaintiff to support his charges of negligence was of physical facts and evidence circumstantial in character. There was nothing in the testimony of the defendant which could be said to support any of the charges of negligence made by the plaintiff. He testified that at all times he was operating his automobile to the south and right side of the center of the road. It was his duty to so operate. Section 39-748, R. R. S. 1943, provided: "Drivers of vehicles proceeding in opposite directions shall pass each other to the right, each giving to the other at least one half of the main traveled portion of the roadway as nearly as possible." This possibility clearly existed in this instance. Since the accident this provision has been repealed.

At the point of collision with reference to the center of the road the defendant testified that as the decedent approached he was in part on the south side but just before the collision he appeared to be making an effort to move out of the south lane and was proceeding on an angle toward the north side.

There was evidence by opinion that the speed of the decedent's automobile as it approached the scene was from 40 to over 70 miles an hour. The only evidence of the speed of the defendant's automobile, which was given by him, was that it was about 40 miles an hour.

There is no evidence which locates the exact point of contact in the road of the two automobiles. After the collision the defendant's automobile, except the front end, was in the eastbound lane facing north. The front end was in the westbound lane. The decedent's automobile was about 47 feet west and north of the defendant's automobile. It was on the north shoulder facing southeast. There was debris underneath and to the west of the defendant's automobile some of which was under it in the eastbound lane and some to the west in the westbound lane, and there was a gouge in the graveled surface of the road. The gouge, according to plaintiff's evidence, was in the westbound lane at a point 10 feet south

from the north side. The gouge which is referred to was not in the evidence of the plaintiff described as to depth, length, or direction, or at what point in the course of events it came into being. It is inferable that it was caused by contact of some part of the automobile of the decedent with the road, probably the left front wheel which was broken.

The remainder of the evidence adduced on behalf of the plaintiff consists of photographs which were received in evidence, the information thereon appearing and the inferences, if any, of probative value flowing therefrom, and testimony as to the view ahead of the defendant as he was driving eastward. Some of the photographs were taken at or about the time of the accident and some many months thereafter. They were of the road, the vicinity of the accident, and of the automobiles after the accident. On their face there was nothing from which the point of contact of the automobiles in the road could be reasonably inferred.

The plaintiff called a witness who had heard all of the witnesses testify up to the time he was called and had examined the location where the accident occurred, and had also examined all of the photographs and particularly those of the automobiles and of the gouge in the highway. He was called to give his opinion as an expert. He was permitted to give his opinion as to the character of contact of the two automobiles and to certain results following the contact including an assertion that the gouge was in the westbound lane and that it was caused by decedent's automobile. He was asked his opinion as to the lane in which the collision occurred. Objection to this inquiry was sustained for lack of foundation. This was followed by offer of proof that it was in the westbound lane. The offer was rejected, and properly so. There was clearly no basis for any such opinion by the witness.

As to the view ahead there was evidence that the road ahead was clear, that there was an uphill grade over the portion of concern here of from 2 to 4½ percent, and

that the sun had risen and was directly ahead. It is inferred by the plaintiff that this caused interference with the view of the road ahead but the inference is not sustained by evidence.

This, it is believed, is a fair summary of the evidence of the plaintiff on which he relies as proof of the charge that the defendant negligently failed to yield one-half of the roadway, that he failed to have his automobile under proper control, that he failed to keep a proper lookout, or that he drove his vehicle at an excessive and unreasonable rate of speed for the circumstances and conditions then prevailing.

The defendant adduced evidence on his behalf and of course in the light of the motion to dismiss the plaintiff was for the purposes of the case entitled to have all questions of controverted fact resolved in his favor and to have the benefit of every reasonable inference to be drawn therefrom resolved in his favor, which included of course those which flowed from the evidence of the defendant. See, Krepcik v. Interstate Transit Lines, 152 Neb. 39, 40 N. W. 2d 252; Hamilton v. Omaha & C. B. St. Ry. Co., 152 Neb. 328, 41 N. W. 2d 139; Wagoun v. Chicago, B. & Q. R. R., 155 Neb. 132, 50 N. W. 2d 810.

The evidence adduced by the defendant fails to support either directly or by inference any of the charges of negligence made by the plaintiff. In truth, it unequivocally supports the view that there was no negligence on the part of the defendant. There is nothing in the entire record of the evidence from which a reasonable inference of negligence on the part of the defendant flows.

In this case, for the purposes of ascertaining whether or not the motion to dismiss should have been sustained, the burden was on the plaintiff to demonstrate that there was competent evidence of probative value that the accident happened in the manner alleged in the petition. See, Davis v. Dennert, 162 Neb. 65, 75 N. W. 2d 112; Cox v. Babington, 166 Neb. 609, 90 N. W. 2d 64.

This burden required proof by physical facts, or direct or circumstantial evidence together with inferences that might properly be drawn therefrom which indicated with reasonable certainty the negligent act or acts charged.

In the case here there was a total failure of such proof. The court therefore properly sustained the motion to dismiss and properly rendered judgment for the defendant. The judgment is therefore affirmed.

AFFIRMED.