LYDIA BANCROFT, APPELLEE, V. WILLIAM KITE, APPELLANT.

5 N. W. (2d) 196

FILED AUGUST 14, 1942. No. 31421.

*L. R. Doyle,* for appellant.

*Lloyd E. Chapman, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE and YEAGER, JJ., and ELLIS, District Judge.

ROSE, J.

This is an action by Lydia Bancroft, plaintiff, to recover from William Kite, doing business as Keep-U-Neat Cleaners and Laundry, defendant, to recover $10,000 in damages for personal injuries. About 8:50 in the morning, December 14, 1940, a motor truck owned by defendant, and operated for him in his business by Vaughn McVey, struck plaintiff as she was attempting to cross Thirteenth street near O street in the city of Lincoln, knocked her down and caused the personal injuries for which she claims damages.

Plaintiff in her petition alleged in substance that she was in the exercise of due care and free from negligence when she was struck by the truck of defendant and that the proximate cause of her injuries was the negligence of the truck driver, for which defendant is liable. The time, place, circumstances, acts of negligence and pertinent traffic regulations are pleaded in detail.

Defendant denied the negligence imputed to him and to the driver of his motor truck and alleged in substance that the proximate cause of the injuries pleaded by plaintiff was her own negligence in attempting to cross Thirteenth street between intersections in violation of a city ordinance and in stepping suddenly in front of defendant's moving truck when no degree of care on the part of the driver could prevent the accident. Different items of defense were pleaded in full.

The reply to the answer contained a general denial and a plea that the driver of the truck could have prevented the collision by the exercise of ordinary care after discovering plaintiff's peril.

Upon a trial of the cause the jury rendered a verdict in favor of plaintiff for $2,000. From judgment therefor defendant appealed to the supreme court.

Counsel for defendant introduces his argument for a reversal of the judgment below by criticizing an instruction herein as a violation of the rule announced in a former case. The instruction is as follows:

"You are instructed that it is the duty of one driving an automobile upon a public street to look ahead and see anything in the line of his vision which will affect the use of the street and, in case of accident in connection with his driving, he is presumed to have seen what he should and could have seen in the proper performance of that duty. You are further instructed that such driver has no right to assume that the street is clear, but under all circumstances and at all times he must be vigilant and anticipate the presence of others. The fact that the driver of a motor vehicle did not know that any one was on the street is no excuse for conduct which would have amounted to negligence or recklessness if he had known that another person was on the street. You should consider all of the surrounding facts and conditions in determining whether or not the defendant was negligent through the acts of his driver McVey."

The following is quoted to show error in the foregoing instruction:

"The driver of an automobile having the right of way between street intersections is not required to anticipate that pedestrians will violate an ordinance prohibiting them from crossing a street at a point other than a crosswalk." *Doan v. Hoppe,* 133 Neb. 767, 277 N. W. 64.

This *Doan-Hoppe* case is not in point. Doan crossed the street between intersections and that fact was not in controversy. In the case at bar plaintiff alleged and testified she was in the sidewalk lane which crosses Thirteenth street when struck by defendant's truck—an issue of fact. According to testimony of both plaintiff and the truck driver, a portion of the truck was on the wrong side of the center line of Thirteenth street before the collision occurred and at the time of the impact. The driver, therefore, under the circumstances, was required to anticipate the presence of others in his path as stated in the instruction, which, though

erroneous in part, is not prejudicial to defendant. The instructions, considered together as they should be, fairly submitted the case to the jury. The rights of defendant were fully protected by the trial court, one of the instructions reading thus:

"On the other hand, if you find from the evidence that plaintiff was guilty of negligence herself which caused the accident or contributed thereto, and that such negligence on her part was more than slight, then and in such case your verdict should be for the defendant and you should find against the plaintiff upon her petition; and, of course, if defendant's driver was guilty of no negligence in the premises, your verdict should be in defendant's favor."

The line on which plaintiff started to walk across Thirteenth street was an issue of fact for the jury. A material inquiry on appeal is the sufficiency of the evidence to sustain the verdict that she was on the crosswalk where she had a right to be and that she was in the exercise of ordinary care when knocked down by defendant's truck. The following facts are shown by uncontradicted evidence: Thirteenth street runs north and south and crosses O street at right angles. The intersection, with an automatic signal light at each corner to direct the movement of all kinds of traffic, is a congested area in the city of Lincoln. Both streets are paved. On the south side of O street, which runs east and west, there is a pedestrian lane or walk 23½ feet wide across Thirteenth street. The north and south boundaries of the crosswalk are indicated by white lines on the pavement. The southern boundary of the crosswalk is in line with the traffic signals on the south side of O street. There are four lanes for vehicular traffic on Thirteenth street, two east of the center line and two west of the center line, all marked by white lines on the pavement. The two lanes east of the center line of Thirteenth street are for north-bound traffic and the two lanes west of the center line of Thirteenth street are for south-bound traffic. The truck that struck plaintiff was owned by defendant and, at the time, was operated for him in his business by Vaughn Mc-

Vey. At the time of the impact the pavements were covered with slippery ice and there was some snow on the surface. Plaintiff was on her way to work in the department store of Miller & Paine at the southwest corner of Thirteenth and O streets. The foregoing facts are clearly established by the evidence and are uncontradicted.

Alex Hill, a witness for plaintiff, testified in substance and effect: He is owner and licensed operator of a Checker Cab. He is a brother of plaintiff. He picked her up at her home on the morning of December 14, 1940, and took her downtown in his cab. He drove north on Thirteenth street in the east vehicular lane. Approaching O street, he stopped his cab at the crosswalk on a red light signal. Plaintiff got out of the cab on the right side, walked north beside it to the crosswalk, turned west thereon and passed in front of his cab. The driver of a car headed north just west of the cab in the adjoining lane of traffic motioned to plaintiff to proceed west. The signal for the traffic on the east side of Thirteenth street changed from red to green and Hill, the witness, proceeded north in his cab.

Plaintiff testified in her own behalf in substance and effect as follows: On the morning of December 14, 1940, her brother took her in his cab from her home to Thirteenth and O streets. Going north on Thirteenth street the automatic signal turned red at O street. He stopped his cab with the front end at the crosswalk for pedestrians crossing Thirteenth street on the south side of O street. There she got out of the cab, went north around the front end of it and started to cross Thirteenth street, going west. While on the crosswalk, after she passed the front end of her brother's cab, the signal light she was approaching turned from green to red. She then looked at the driver of a car headed north, standing west of her brother's, and he motioned for her to pass in front of him and she did so. She then looked north and west for cars going south across her path and, looking to the south, she saw the truck of defendant on the wrong side of the street bearing down on her and she had only time to partially turn her back before it struck her. The front

end of the truck hit her on her back, left arm, hip and legs, threw her a short distance to the north and knocked her down and she slid on the ice. When she came to rest she was west of the center line of Thirteenth street and her feet were almost at the north side of the pedestrian crosswalk on the south side of O street. She saw the truck skidding before it came to a stop. The driver of the truck did not blow a horn or give any other warning before it struck her. After the impact the truck skidded on the ice and the driver did not seem to have control of it. The truck driver helped her up, brushed the snow from her clothes and picked up her hat. They walked toward the truck. It was standing on the west side of Thirteenth street about three or four feet south of the crosswalk and pointing in a southwesterly direction. The rear end of the truck was about three or four feet south of the crosswalk and the front end 10 or 12 feet south of the crosswalk. The truck struck plaintiff when she was in the crosswalk west of the center line of Thirteenth street, skidded on the ice, turned part way around and came to rest south of the crosswalk.

Plaintiff's account of her injuries is thus indicated by the foregoing extracts from her testimony in connection with facts established by uncontradicted evidence.

The truck driver, however, testified to a different version of the facts. He testified in substance: As he approached O street on Thirteenth street, there was a long line of cars in the east or right lane for north-bound traffic. He took the lane next to the center line of Thirteenth street. There was one car ahead of him in the same lane and it was still moving forward as he came up behind it. A woman stepped from between two cars into his path. She was not on the crosswalk. She was then 30 to 35 feet south of the crosswalk. The traffic light was red as he came up behind the car in front of him. When he first saw her she was five or six feet away, going west. He was going 10 miles an hour. He applied his brakes and turned his truck west to avoid hitting her. The right front part of the truck collided with her. She was then close to the center line of Thirteenth

street. He stopped practically at the time of the impact. Plaintiff was then within two or three feet of the truck. It was 30 feet south of the crosswalk when it stopped. Plaintiff was 30 or 35 feet south of the crosswalk at the time of the collision.

The testimony thus summarized and other evidence in support of the defense indicate that the negligence of plaintiff caused the collision, as the record is viewed from the standpoint of defendant, but there is no physical fact or overwhelming evidence or circumstance to make the testimony of plaintiff or the evidence adduced by her unbelievable or insufficient to support the verdict in her favor. On conflicting evidence the jury found that plaintiff was not at fault and that the negligence of the truck driver was the proximate cause of the collision and of resulting injuries. On the issue of damages, prejudicial error has not been found in the record.

AFFIRMED.