ROBERT BLANCHARD, APPELLANT, V. ROBERT LAWSON, APPELLEE.

27 N. W. 2d 217

Filed April 25, 1947.    No. 32135.

*McKillip, Barth & Blevens,* for appellant.

*Chambers & Holland,* for appellee.

Heard before SIMMONS, C. J., PAINE, CARTER, MESS-MORE, YEAGER, CHAPPELL, and WENKE, JJ.

CHAPPELL, J.

Plaintiff sought recovery for damages to his car by reason of its collision with a car driven by defendant at an intersection of county roads. The jury awarded defendant a verdict, upon which judgment was entered. Plaintiff's motion for new trial was overruled, and he appealed. His twelve assignments of error may be summarized as contending that the trial court erroneously submitted the case to the jury by the refusal and the giving of certain instructions. We conclude that his contentions cannot be sustained.

The following facts are undisputed. Plaintiff was driving from the north toward the south on a graveled county road approximately 25 feet wide, which gradually sloped upward to an intersection with a county dirt road approximately 20 feet wide, upon which defendant was driving from the west toward the east. The view of both drivers as they approached the intersection was obstructed by a high bank and plum thicket. Both drivers were familiar with the highways and well knew that their view was thus obstructed as they approached and entered the intersection. The front end of plaintiff's car struck the left side of defendant's car, a two-door sedan, at about the left door, crushing it inward, and pushing defendant's car eight or nine feet toward the south. Thereafter, defendant's car stopped with its front wheels in the south ditch of the east and west road at a point near the southeast corner of the intersection. The radiator of plaintiff's car was bent back down on the engine toward the driver. After the accident, plaintiff's car stood facing east with its left wheels near the center of the east and west road, and its front near the center of the north and south road. A trailer loaded with hogs and attached to plaintiff's car jackknifed around headed west against his car.

Other witnesses testified at the trial, but the evidence of plaintiff and defendant is primarily pertinent to decision and, except as above stated, was generally speaking in conflict.

Plaintiff testified in substance that he approached and entered the intersection at about 20 miles an hour, at which speed he could not have stopped in less than 35 feet. He says that he looked to the right, where observation was obstructed until in the intersection, and when at a point 8 or 9 feet therein, he saw defendant coming toward him on the wrong side of the road, at 40 miles an hour, without looking right or left. Thereupon, plaintiff applied his brakes, and turned his car left, but it was too late. There being nothing else to do, he shut his eyes, let her go, and defendant's car sideswiped him. Plaintiff also testified that defendant was just entering or ready to enter the intersection when he first saw him, and that thereafter defendant traveled 35 or 40 feet, while plaintiff traveled 12 or 15 feet before the collision.

Defendant testified in substance that as he approached the intersection on his right side of the highway, he slowed down, shifted into low, looked north at a point where he could see 15 or 20 feet back, and seeing nothing, started across at about 15 miles an hour. When he got almost to the center of the intersection, he looked again and saw plaintiff coming toward him, but could not estimate his speed. Defendant testified that he then tried to get away, by stepping on the gas, but could not. The front of plaintiff's car struck his car on the left side at or about the door or back of it, when his car was in the southeast quarter of the intersection, pushing it eight or nine feet south, where it stopped of its own accord in the ditch at the southeast corner of the east and west road.

Plaintiff first argues that the trial court erroneously refused to give his requested instructions No. 1 and 2, which prescribed generally the duty of drivers to have

and maintain a lookout for other traffic when approaching and crossing an intersection of highways. In that connection, it was pleaded by plaintiff in his petition that defendant was negligent because he drove into the intersection without having and maintaining a lookout for other users of the highway. An examination discloses that the trial court in other instructions given appropriately submitted that issue to the jury as a material allegation of negligence for its consideration in determining defendant's liability.

It is the rule in this jurisdiction that a judgment will not ordinarily be reversed for refusing to give tendered instructions where other instructions given by the court fairly and correctly cover the issues involved in the tendered instructions. See Miceli v. Equitable Life Assurance Society, 138 Neb. 367, 293 N. W. 112, affirmed on rehearing 138 Neb. 374, 294 N. W. 659. Bearing that in mind, we conclude that the trial court's refusal to give plaintiff's requested instructions was not prejudicially erroneous.

Plaintiff complains of instruction No. 8, given by the trial court. The word "east" instead of "west" was inadvertently used therein as indicating the direction from which defendant entered the intersection. There is good reason why the instruction could not be prejudicial to plaintiff. If defendant entered the intersection from the "east" it is apparent that the instruction would be favorable to plaintiff in that it would place him to the right of defendant, whereas plaintiff actually entered the intersection on the left. Furthermore, the same instruction, in a sentence immediately following that alleged to be erroneous, recited that " * * * defendant's automobile was to the right" which correctly reflected the facts. Also, the record itself is replete with undisputed evidence correctly showing the directions from which plaintiff and defendant approached and entered the intersection. The jury could not have been confused or misled by the instruction.

This court has pointed out that the inadvertent substitution of one word for another in an instruction is at most harmless error when it is clear from the instruction itself or from the record and other instructions given, that the jury could not have been confused or misled thereby. Tidd v. Stull, 128 Neb. 506, 259 N. W. 369; Albrecht v. Morris, 91 Neb. 442, 136 N. W. 48. It is generally held that instructions should be considered together in order that they may be properly understood, and when, as an entire charge, they properly submit the issues to the jury, the verdict will not be set aside on appeal for harmless error in one of them. Bancroft v. Kite, 142 Neb. 178, 5 N. W. 2d 196.

Plaintiff also assigns as error the giving of instruction No. 7, but we find no discussion of it in the briefs. Nevertheless, we have examined the instruction and finding that it correctly stated the law, we see no necessity for discussing it further. The applicable rule is that: "Where the giving of an instruction is assigned as error, but there is no discussion of the assignment in the briefs, and no error is readily apparent on the face of the instruction, the assignment will not be further reviewed." Miceli v. Equitable Life Assurance Society, *supra*. See, also, Rules, Supreme Court, 8A 2 (4).

Finally, we turn to plaintiff's primary contention. In that regard, he argues that the trial court erred in giving instructions No. 4 and 9 respectively. No complaint is made of their substance but plaintiff contends that they had no application. He does so upon the asserted premise that their subject, comparative negligence, was not strictly an issue because defendant's own evidence established his negligence as a matter of law. In other words, plaintiff argues that under the evidence, the trial court should have submitted to the jury only the question of the degree of plaintiff's negligence. The record does not disclose that plaintiff ever made any such request of the trial court by tendered

instructions or otherwise, but in any event, to have submitted the issues in the manner now proposed by plaintiff would have been erroneous. That is true, because under the comparative negligence statute, section 25-1151, R. S. 1943, even if it could be said that defendant was guilty of negligence as a matter of law, which we believe it could not, and it could be found that plaintiff was guilty of only slight negligence, the question whether or not defendant's negligence was gross in comparison therewith would still be a factual one for determination by the jury.

Having examined the record and all of the instructions given by the trial court, we conclude that they fairly and correctly stated the law applicable to the evidence, and that error cannot be predicated thereon. Gallagher v. Law, 135 Neb. 381, 281 N. W. 806.

It is well established that where there is no prejudicial error found in the record and the verdict of a jury has sufficient competent evidence to support it as in the case at bar, the judgment will be affirmed. Pruitt v. Lincoln City Lines, 147 Neb. 204, 22 N. W. 2d 651.

For the reasons heretofore stated, the judgment of the trial court should be and hereby is affirmed.

AFFIRMED.