JESS N. TORRES, APPELLANT, v. FRED C. BOLLMAN ET AL., APPELLEES.

32 N. W. 2d 642

Filed June 11, 1948. No. 32400.

Crosby & Crosby, for appellant.

C. L. Baskins, for appellees.

Heard before SIMMONS, C. J., PAINE, CARTER, MESS-MORE, YEAGER, CHAPPELL, and WENKE, JJ.

SIMMONS, C. J.

This case is one for damages arising out of a collision between two automobiles at a street intersection in the city of North Platte. The jury found for the defendants, and upon the verdict the court entered judgment. Plaintiff appeals. We affirm the judgment of the trial court.

Plaintiff's case is bottomed upon section 39-751, R. S. 1943, and a provision of the ordinances of the city of North Platte to the effect that the driver of a vehicle approaching but not having entered an intersection shall yield the right of way to a vehicle within such intersection.

Plaintiff's first assignment of error is that the verdict and judgment are contrary to and not sustained by the evidence.

Plaintiff's evidence is to the effect that his car was proceeding south on its right side of the road at a speed of 15 miles per hour when he entered the intersection; that his car had proceeded into and almost across the southwest quadrant of the intersection when the defendants' car approached from the west at a speed of 40 to 50 miles per hour, entered the intersection and collided with plaintiff's car. Plaintiff's witnesses were in substantial agreement that the defendants' car stopped in two to four feet following the collision. Plaintiff's car swerved to the right, rolled over from one to three times, and came to rest on its side 60 feet south of the point of collision. Plaintiff was seriously injured and his car materially damaged.

Defendants' evidence is that the driver of their car, which was proceeding east, approached the intersection at a speed of 20 to 25 miles per hour; that at a point 44 feet west of the west line of the intersection the driver observed the plaintiff's car half a block away and coming at a high rate of speed from the north; that

the driver instantly applied the brakes, entered the intersection and came to a complete stop in the southwest quadrant of the intersection; that thereafter plaintiff's car entered the intersection, swerved to avoid hitting defendants' car; and that the right rear side of plaintiff's car struck the left front side of defendants' car. Defendants' evidence further is that their car remained in position after the impact until driven out of the traffic lane; that the condition of defendants' car after the accident disclosed that the force of the blow to it was from left to right; and that defendants' driver was in no way thrown about or injured. Skid marks testified to by defendants' witnesses sustain the defendants' parol testimony, as does also the evidence as to the movement of plaintiff's car after the collision.

This record discloses a conflict in the evidence which the jury resolved in favor of the defendants.

The rule is: "Where there is no prejudicial error found in the record and the verdict of a jury has sufficient competent evidence to support it, the judgment will be affirmed." Blanchard v. Lawson, 148 Neb. 299, 27 N. W. 2d 217.

We see no reason for disturbing the jury's verdict and the judgment of the court based thereon.

Plaintiff suggests that the jury's verdict may have been based on a misunderstanding of the court's instructions as to the amount of damages plaintiff could have been awarded. There is no error assigned as to the instructions and the misleading instruction, if any, is not pointed out. Plaintiff further suggests that there was racial prejudice involved, plaintiff being of Mexican nationality. We find no support in the record for such a contention.

The judgment of the trial court is affirmed.

AFFIRMED.