DARRELL WILLOUGHBY, APPELLANT, v. JAMES O. SWETT, APPELLEE.

34 N. W. 2d 287

Filed October 15, 1948. No. 32428.

*Lloyd E. Chapman,* for appellant.

*Smith & Lebens, Cline, Williams & Wright,* and *Warren C. Johnson,* for appellee.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

PAINE, J.

The plaintiff brought action for damages for personal injuries caused by a collision between an automobile

he was driving and a Dodge truck on U. S. Highway No. 6. The plaintiff lost his left arm in the accident. Trial was had in the district court for Cass County. The plaintiff did not move for a directed verdict, and the jury returned a verdict for the defendant. Plaintiff appealed.

The evidence as found in the bill of exceptions discloses that the plaintiff was 33 years of age and was part owner of the Randolph Grocery in Lincoln; that he was returning from Louisville to Lincoln late Sunday afternoon, July 29, 1945, being alone in his DeSoto coupé; and that at a place a little less than a mile east of Greenwood a collision occurred between his coupé and a Dodge farm truck belonging to the defendant, a stockman and farmer, of Fairbury, about 57 years of age, who was taking eight cattle to the Union Stockyards at Omaha.

The plaintiff testified that he was at all times on the north side of the center line and was driving west at a speed of about 35 miles an hour; that just as he was passing the truck it came over across the center line toward him; and that the collision occurred when the truck was a foot to a foot and a half over on his side of the center line. The plaintiff's car then veered over to the left, ran through the ditch, and struck a heavy post supporting a signboard, which post crashed in the left front end of plaintiff's coupé.

F. L. Rank, a commercial photographer, of Lincoln, went to the scene of the accident on August 1, 1945, and took a half dozen pictures, which were introduced in evidence. Exhibit No. 1 showed a very heavy tire mark, a rubber burn. Other exhibits showed the plaintiff's car in its damaged condition.

The proprietor of the garage at Greenwood, A. J. Leadabrand, also testified to the marks on the highway about a foot and a half north of the center black line, and light marks where fresh concrete was gouged out. It was 60 inches between those gouge marks. He identified the broken rim and automobile tire from the left front wheel of plaintiff's car when they were introduced

in evidence. The car, when it stopped in the field, broke off one of the posts holding up a sign.

M. A. Carlson, a farmer from Waverly, testified that on Tuesday after the accident he went to the scene of the accident with W. H. Dick, a banker at Waverly, who asked him to ride out with him. He saw scratches on the pavement and dark marks where the tire had rubbed the pavement.

W. H. Dick testified that he drove out to the place of the accident at the request of the plaintiff's father and saw the tracks in the road, and that exhibit Nos. 1 and 2 are pictures that give a correct reproduction of what he saw.

The defendant's first witness was Glenn Ullstrom, who testified that he lived in Omaha and was a salesman for Ed Phillips & Sons Company, wholesale liquor distributors, and was driving to Lincoln with his brother, Frank Ullstrom, and wife; that he had been following the plaintiff's car for two or three miles; that he saw a medium-sized stock truck coming from the opposite direction; that he was less than a block behind the cars at the time of the collision; that at the time of the collision no part of the truck was over the middle black line of the road, but that plaintiff's car angled across the black line and struck the rear of the truck about even with the rear wheels; that the plaintiff's car slid off the back end of the stock truck into the ditch on the left-hand side of the road; and that the stock truck bounced almost off the pavement and stopped within 100 feet. Ullstrom said he stopped his car, and the plaintiff said to take him to a doctor. He then noticed that plaintiff's arm had been completely torn off, and he drove him immediately to the doctor in Greenwood. He then returned to the scene of the accident and found that no one had called the highway patrol. He drove back to the grain elevator at Greenwood, called the highway patrol in Lincoln, and then drove on to Lincoln. He

never noticed any broken glass or debris at the point of the collision.

Frank Ullstrom testified that he had been the appropriations clerk in the State Treasurer's office for 15 years, and his brother was bringing him and his wife back to Lincoln after spending the week end in Omaha; that their car was being driven 35 to 40 miles an hour; that they had been gradually gaining on the plaintiff's car ahead of them, which he testified was going about 25 or 30 miles an hour; that he saw the actual collision, and testified that immediately prior to the collision part of plaintiff's car was south of the center line of the road, at least two feet; that when the collision occurred he thinks they were about 50 yards behind; that the plaintiff did not cross the center line abruptly, but just slowly crossed it; and that after the collision the plaintiff's car went down the road a ways, then to the left through the ditch and into the edge of a cornfield.

The defendant testified that as the plaintiff approached him he thought he was going to hit him and so he swerved to the south to avoid being hit, so his right duals were off of the pavement, but plaintiff's coupé hit his stock rack over the back wheel of his truck. Defendant testified that he immediately stopped his truck and walked back about a hundred feet to the place of the accident.

The defendant identified exhibit No. 13, a picture of his truck after the accident, and marked a dark strip, "B", leading from the fourth and fifth upright stakes at the rear end of the truck at about the height of his cab window, which mark was made by blood from plaintiff's arm.

The trial court gave 14 instructions to the jury, and their verdict was for the defendant. The motion for new trial was overruled.

The plaintiff assigned as error: (1) That the verdict of the jury for the defendant was wrong because the jury disregarded the physical facts and circumstances

and the overwhelming evidence which required a verdict in favor of the plaintiff and against the defendant; and (2) that the verdict for the defendant induces the belief that such verdict must have been found by the jury through passion, prejudice, or mistake.

It will be noted that the plaintiff does not assign error in any of the instructions given to the jury. The two questions assigned as error, therefore, required an examination of the evidence, for which reason we have set it out briefly in this opinion. A careful examination of this testimony on the points in dispute appears to this court to fully support the verdict rendered by the jury.

This court has adhered to the rule that if no prejudicial error appears in the record, as in the case at bar, and the verdict returned by the jury has sufficient competent evidence to support it, the judgment entered on such verdict will not be disturbed. See, Torres v. Bollman, 149 Neb. 762, 32 N. W. 2d 642; Blanchard v. Lawson, 148 Neb. 299, 27 N. W. 2d 217; Gallagher v. Law, 135 Neb. 381, 281 N. W. 806.

It is contended by the defendant in the case at bar that the evidence is in conflict, and is such that reasonable minds might draw different conclusions therefrom. In such a case, a verdict of the jury supported by substantial competent evidence will not be set aside on appeal. See, Dischner v. Loup River Public Power District, 147 Neb. 949, 25 N. W. 2d 813; Moore v. Krejci, 139 Neb. 562, 297 N. W. 913.

Finding no reason to question that the verdict rendered was right and was not the result of passion or prejudice, the judgment entered thereon is hereby affirmed.

AFFIRMED.